IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS REYES FIREWOOD and
PAUL KEITH REYES

    Plaintiffs,

v.                                                    Case No. 14-CV-00303-KG-RHS

STATE OF NEW MEXICO'S
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER AND
JAIL DIRECTOR CHIEF RAMON RUSTIN,

    Defendants.

ORDER IMPOSING ADDITIONAL FILING RESTRICTIONS

This matter comes before the Court *sua sponte*, but following review of Defendants' Motion to Dismiss in Lieu of Answer.  *See* (Doc. 2).  The Court is concerned that *pro se* Plaintiff Paul Keith Reyes will continue to engage in frivolous litigation, as he has in numerous other cases, and continue to cause needless expense to opposing parties and waste scarce judicial resources.[1]  On June 4, 2010, in a separate *pro se* case brought by Reyes, United States District

---

[1] Reyes has filed one case in this Court in 2006, five in 2009, and two in 2010, all eight of which have now been dismissed as either frivolous, for failure to state a claim, or by stipulation. *See Reyes v. McWhethey Memorial Substation*, No. 06cv1131 LH/LFG (D.N.M.) (dismissed civil rights claim against police substation for failure to state a claim); *Reyes v. Rivera, et al.*, No. 09cv0068 MCA/ACT (D.N.M.) (stipulated dismissal of civil-rights claims); *Reyes v. Unknown Agents, et al.*, No. 09cv0069 MCA/WDS (D.N.M.) (dismissed civil rights complaint because Reyes could not show that officers violated his constitutional rights); *Reyes v. Toulouse-Oliver*, No. 09cv0070 (D.N.M.) (dismissed with prejudice for failure to state a claim); *Reyes v. Snow, et al.*, No. 09cv512 JCH/RHS (D.N.M.) (dismissed complaint under Fed. R. Civ. P. Rules 12(b)(1)&(6));  *Reyes v. Chavez, et al.*, No. 09cv01174 WPL/RHS (D.N.M.) (dismissed complaint concluding Reyes's complaint failed to state a claim and was frivolous); *Reyes v. State of New Mexico, et al.*, No. 10cv343 JCH/RLP (D.N.M.) (dismissed complaint because Reyes did not have standing to raise due process claim); *Reyes v. Central New Mexico Community College, et al.*, No. 10cv543 BB/RLP (D.N.M) (dismissed Section 1983 claims for failure to state a claim).

Judge Judith Herrera recognized Reye's frivolous litigation history in this Court and, therefore, filed an Order Imposing Filing Restrictions. *See Reyes v. State of New Mexico, et al.*, No. 10cv343, (Doc. 9), JCH/RLP; *see also* (Doc. 9-1). Judge Herrera's Order Imposing Filing Restrictions restricted Reyes from filing any further *pro se* cases in the District of New Mexico except under conditions set forth in the order. Judge Herrera's order, however, did not address whether Reyes could file documents in a case that he filed in state court and subsequently was removed to the District of New Mexico, such as this case.

On May 30, 2014, the Court held a status conference in part to discuss how best or whether this lawsuit should proceed in light of Judge Herrera's order. Present at the status conference were Reyes and Adolfo Mendez, counsel for Defendants. At the May 30, 2014, status conference, the Court adopted Judge Herrera's Order Imposing Filing Restrictions and placed additional restriction limiting Reyes from filing documents as a *pro se* plaintiff in cases removed to the District of New Mexico. Accordingly, Reyes shall be restricted from filing any *pro se* documents in cases removed to the District of New Mexico except under the conditions set forth below. *See In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) ("The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.") (internal quotation marks and brackets omitted); *see also Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

IT IS, THEREFORE, ORDERED that Reyes may not file any document in a case that was removed to the United States District Court for the District of New Mexico in which Reyes

is a plaintiff, and the Clerk of the Court shall not accept any documents from him in a removed case unless either (i) an actively and currently licensed attorney who has been admitted to practice before this Court signs the pleading and represents him or (ii) Reyes first obtains permission to proceed *pro se*. The steps to obtain permission to proceed *pro se* specified in Judge Herrera's Order Imposing Filing Restrictions are incorporated herein.

_____
UNITED STATES DISTRICT JUDGE