IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS REYES FIREWOOD and
PAUL KEITH REYES

      Plaintiffs,

v.                                    Case No. 14-CV-00303-KG-RHS

STATE OF NEW MEXICO'S
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER AND
JAIL DIRECTOR CHIEF RAMON RUSTIN,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss in Lieu of Answer

(Motion to Dismiss), filed March 28, 2014.  (Doc. 2).  Plaintiffs did not file a response.  On April

15, 2014, Defendants filed a Notice of Briefing Complete.  (Doc. 9).  On May 30, 2014, the

Court held a status conference and discussed Defendants' Motion to Dismiss.  Present at the

status conference were Plaintiff Paul Keith Reyes and Adolfo Mendez, counsel for Defendants.

Having considered Defendants' Motion to Dismiss, the Court, at the May 30, 2014, hearing,

granted Defendants' Motion to Dismiss.

Defendants moved to dismiss Plaintiffs' Amended Complaint for Damages for failure to

state a claim upon which relief can be granted and failure to provide a short and plain statement

of the claims showing that Plaintiffs are entitled to relief.  Federal Rule of Civil Procedure

8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled

to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon

which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)).  Under Fed. R. Civ. P. 12(b)(6),  "[i]t is not necessary for the complaint to contain factual allegations so detailed that all possible defenses would be obviated." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009).  The factual allegations "need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570).  Plaintiffs' Amended Complaint for Damages does not contain a short and plain statements of the claims showing that Plaintiffs are entitled to relief nor do the factual allegations state a claim to relief that is plausible on its face.  *See* (Doc. 1-2).  Plaintiffs, therefore, failed to comply with Rules 8(a)(2) and 12(b)(6).  Consequently, at the May 30, 2014, status conference, the Court dismissed Plaintiffs' Amended Complaint for Damages without prejudice.

Having dismissed Plaintiffs' Amended Complaint for Damages without prejudice, the Court denies the following pending motions as moot: Plaintiffs' Second Motion Requested [*sic*] to Show Cause for Subpoenas (Doc. 7); Plaintiffs' Motion for Leave to Act After Expiration of Time (Doc. 11); Plaintiffs' Motion for Continuance (Doc. 16); and Plaintiffs' Motion to Allow Standing Order Establishing Pretrial Procedure Pending in Person Status Conference to Review Filing Restrictions (Doc. 18).

IT IS ORDERED that

1. Defendants' Motion to Dismiss in Lieu of Answer (Doc. 2) is granted;

2. Plaintiffs' Amended Complaint for Damages is dismissed without prejudice;

3. a final order of dismissal will be entered;

4. Plaintiffs' Second Motion Requested [*sic*] to Show Cause for Subpoenas (Doc. 7) is denied as moot;

5. Plaintiffs' Motion for Leave to Act After Expiration of Time (Doc. 11) is denied as

moot;

6. Plaintiffs' Motion for Continuance (Doc. 16) is denied as moot; and

7. Plaintiffs' Motion to Allow Standing Order Establishing Pretrial Procedure Pending in

Person Status Conference to Review Filing Restrictions (Doc. 18) is denied as moot.

_____

UNITED STATES DISTRICT JUDGE